**66**

Albert C. **TODARO**, Plaintiff,

v.

Cecilia E. **NORAT**, individually and as Executive Director of the State Insurance Fund, James Doe, individually and officially, Michael Roe, individually and officially, Michael Doe, individually and officially, George Roe, individually and officially, the State Insurance Fund, and the State of New York, Defendants.

No. 95 CV 3948.

United States District Court,
S.D. New York.

April 2, 1996.

Jonathan Lovett, Lovett & Gould, White Plains, NY, for Plaintiff.

Charles F. Sanders, A.A.G., State of New York, Office of the Attorney General, New York City, for Defendants.

### MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

This action for the violation of civil rights under 42 U.S.C. § 1983 is before this Court on the motion of defendant Cecilia Norat to dismiss the complaint against her in her individual capacity, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Albert C. Todaro ("Todaro") instituted this suit alleging violations of his rights guaranteed under the Fourteenth Amendment's Due Process clause, the New York State Constitution and the New York State Civil Service Law in connection with the termination of his employment as "Director of Accounts and Finance and Investment Officer" with defendant State Insurance Fund ("SIF"). In an order, dated October 31, 1995, this Court dismissed the complaint as against the State of New York, the State Insurance Fund and Norat in her official capacity as Executive Director of the State Insurance Fund.

Norat now moves to dismiss the complaint against her individually on the grounds that (1) Todaro did not have a property interest in his position as Director of Accounts and Finance and Investment Officer, (2) Article 78 of the New York Civil Practice Law and Rules offered Todaro the process that was due, and (3) the Eleventh Amendment bars Todaro's § 1983 claims against Norat in her individual capacity because the State is the real party in interest.

New York Civil Service Law § 75(1)(b) provides that a member of the classified civil service who was honorably discharged from the armed forces of the United States shall not be removed except for incompetency or misconduct shown after a hearing. Todaro argues that because he was terminated with-

out a hearing, he was deprived of property without due process.

█ This Court need not reach the question of whether Todaro had a property interest in his job, because even if he did, he has not been deprived of that interest without due process. In order to establish a procedural due process violation, a plaintiff must prove that he was deprived of "an opportunity granted at a meaningful time and in a meaningful manner for [a] hearing appropriate to the nature of the case." *Brady v. Town of Colchester,* 863 F.2d 205, 211 (2d Cir.1988) (internal quotation and citation omitted).

Here, Todaro could have sought meaningful review of the decision to terminate him without a hearing within the state judicial system. Article 78 of the New York Civil Practice Law and Rules provides a summary proceeding which can be used to review administrative decisions. The availability of such recourse, as a matter of law, precludes the finding that defendant's conduct violated plaintiff's rights to procedural due process under the fourteenth amendment. *See, e.g., Brady,* 863 F.2d at 211 (citing *Parratt v. Taylor,* 451 U.S. 527, 543–44, 101 S.Ct. 1908, 1916–17, 68 L.Ed.2d 420 (1981)); *Campo v. New York City Employees' Retirement Sys.,* 843 F.2d 96, 101–103 (2d Cir.), *cert. denied,* 488 U.S. 889, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988); *Moscowitz v. Brown,* 850 F.Supp. 1185, 1196 (S.D.N.Y.1994).

In conclusion, defendant Norat's motion to dismiss for failure to state a claim is granted. The Clerk of the Court is directed to close the case.

SO ORDERED.